## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## NORTHERN DIVISION

AARON CUTSINGER,
ADC #165532                                                                              PLAINTIFF

1:19CV00011-BSM-JTK

RONALD GILLIHAN, JR., et al.                                                          DEFENDANTS

### PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

1

2.	Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.	The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

### I.	Introduction

Plaintiff Aaron Cutsinger is a state inmate incarcerated at the East Arkansas Maximum Unit of the Arkansas Department of Correction (ADC).  He filed this action pursuant to 42 U.S.C. § 1983, alleging excessive force by Defendant Gillihan on May 14, 2018. Defendants Williams and Lawrence were dismissed on March 19, 2019. (Doc. No. 8)

This matter is before the Court on remaining Defendant Gillihan's Motion for

2

Summary Judgment, Brief in Support, and Statement of Facts on the issue of exhaustion (Doc. Nos. 15-17). Plaintiff filed a Response and Defendant filed a Reply and Brief (Doc. Nos. 18, 20-21).

## II. Summary Judgment Motion

Pursuant to FED.R.CIV.P. 56(a), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Dulany v. Carnahan, 132 F.3d 1234, 1237 (8th Cir. 1997). "The moving party bears the initial burden of identifying 'those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'" Webb v. Lawrence County, 144 F.3d 1131, 1134 (8th Cir. 1998) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (other citations omitted)). "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials or allegations in the pleadings; rather, the non-movant 'must set forth specific facts showing that there is a genuine issue for trial.'" Id. at 1135. Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." Id.

At issue in Defendant's Motion is whether Plaintiff exhausted his administrative remedies as to his claims against Defendant prior to filing this lawsuit, as required by the

3

ADC grievance procedure, Administrative Directive (AD) 14-16 (Doc. No. 15-1), and the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e. Defendant presents the Declaration of Terri Grigsby, Inmate Grievance Supervisor, who stated that the grievance process consists of an informal resolution, a formal grievance, and a grievance appeal to the Assistant and/or Deputy Director. (Doc. No. 15-2, p.2) In addition, the policy requires the grievant to "write a brief statement that is specific as to the substance of the issue or complaint to include the date, place, personnel involved or witnesses, and how the policy of incident affected the inmate submitting the form." (Id.) Grigsby stated that she reviewed all grievance appeals filed by Plaintiff and found no exhausted grievances specifically naming Defendant Gillihan. (Id., p. 3)

In Response, Plaintiff stated he exhausted his remedies because he filed a grievance against Defendant Gillihan which was rejected as nongrievable because it involved a disciplinary matter. (Doc. No. 18, pp. 2-3) In addition, Plaintiff provided a document which indicates that he appealed his disciplinary conviction to the Warden. (Id., p. 4)

In Reply, Defendant stated that Plaintiff did not exhaust his remedies as set forth in the ADC grievance procedure, because he did not appeal the grievance to the highest level, the Deputy/Assistant Director. The Rejection of Unit Level Grievance which Plaintiff received in response to the grievance he filed could have been appealed to the Chief Deputy/Deputy/Assistant Director. (Doc. No. 20-1, p. 1) In addition, according to a Memorandum from Lyn Bennett, Executive Assistant to the ADC Director, although

4

Plaintiff appealed his disciplinary conviction to the Warden, he did not appeal the Warden's affirmance to the ADC Director. (Doc. No. 18, p. 7)

According to the PLRA,

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a), unconst'l on other grounds, Siggers-El v. Barlow, 433 F.Supp.2d 811, 813 (E.D. Mich. 2006). The courts have interpreted this provision as a mandatory requirement that administrative remedies be exhausted prior to the filing of a lawsuit. In Booth v. Churner, the United States Supreme Court held that in enacting the PLRA, "Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures." 532 U.S. 731, 741 (2001). In addition, the United States Court of Appeals for the Eighth Circuit held in Chelette v. Harris, "[t]he statute's requirements are clear: If administrative remedies are available, the prisoner must exhaust them. Chelette failed to do so, and so his complaint must be dismissed, for 'we are not free to engraft upon the statute an exception that Congress did not place there.'" 229 F.3d 684, 688 (8th Cir. 2000) (quoting Castano v. Nebraska Dep't of Corrections, 201 F.3d 1023, 1025 (8th Cir. 2000)). In Johnson v. Jones, the Court held that "[u]nder the plain language of section 1997e(a), an inmate must exhaust administrative remedies *before* filing suit in federal court....If exhaustion was not completed at the time of filing, dismissal is

mandatory." 340 F.3d 624, 627 (8th Cir. 2003) (emphasis in original). Finally, in <u>Jones v. Bock</u>, the United States Supreme Court held that while the PLRA itself does not require that all defendants be specifically named in an administrative grievance, "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." 549 U.S. 199, 218 (2007).

The PLRA requires "proper" exhaustion, which means "using all steps that the agency holds out, and doing so *properly*." <u>Porter v. Nussle</u>, 548 U.S. 81, 90 (2006) (quoting <u>Pozo v. McCaughtry</u>, 286 F.3d 1022, 1024 (7th Cir. 2002)). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." <u>Porter</u>, 548 U.S. at 90-91. In <u>Burns v. Eaton</u>, the Eighth Circuit Court of Appeals held that an inmate's failure to specifically name a defendant and grieve his conduct in a grievance he filed about the incident at issue, mandated that defendant's dismissal for failure to exhaust. 752 F.3d 1136, 1141 (8th Cir. 2014). In addition, in <u>Champion v. Akins</u>, the Court held that even if a defendant is named or identified in a grievance, an inmate's failure to explain the substance of the defendant's involvement in the incident, as set forth in the ADC grievance procedure, mandated dismissal of that defendant for failure to exhaust. 498 Fed. Appx. 670 (8th Cir. 2013 (per curiam) (unpublished opinion).

Finally, the United States Supreme Court held in <u>Ross v. Blake</u> that three types of

incidents could render an administrative remedy unavailable to an inmate. 136 S.Ct. 1850, 1859 (2016). Those situations include: where the procedure operates as a dead end, with officers unable or unwilling to provide any relief; where the administrative scheme is so opaque that no ordinary prisoner can discern or navigate it; or when prison administrators thwart inmates from taking advantage of a grievance procedure. Id. at 1859-1860.

In this case, the ADC grievance policy in effect clearly instructs inmates to "specifically name each individual involved for a proper investigation and response," and to include on the grievance form "a brief statement that is specific as to the substance of the issue or complaint to include the date, place, personnel involved or witnesses,..." (Doc. No. 15-1, pp. 5-6) In addition, the policy states that inmates "must exhaust their administrative remedies as to all defendants at all levels of the grievance procedure before filing a Section 1983 lawsuit and Claims Commission claim. If this is not done, their lawsuits or claims may be dismissed immediately." (Id., p. 17)

It is undisputed that Plaintiff filed a grievance naming Defendant Gillihan that was rejected as involving a disciplinary matter.  It is also undisputed that Plaintiff did not choose to appeal that decision pursuant to the directions set forth in the Rejection notice.  Although Plaintiff did appeal his disciplinary conviction, he did not exhaust that appeal process by appealing it to the ADC Director.   In addition, Plaintiff provided no proof that the grievance procedure was not available to him or that he was thwarted from utilizing the grievance procedure. As noted above, although his grievance was rejected at the first level,

he could have appealed that rejection, but did not. (Doc. No. 20-1) In addition to the grievance appeal process, Plaintiff also had access to the disciplinary appeal process but again, chose not to appeal beyond the Warden level. (Doc No. 20-3) Therefore, because he did not exhaust a grievance concerning his claim against Defendant Gillihan, the Court finds that his Motion should be granted.

### IV. Conclusion

IT IS, THEREFORE, RECOMMENDED that Defendant's Motion for Summary Judgment (Doc. No. 15) be GRANTED, and Plaintiff's Complaint against Defendant be DISMISSED without prejudice.

IT IS SO RECOMMENDED this 24th day of June, 2019.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE